## GEORGE KIVAK v. GREAT NORTHERN RAILWAY COMPANY.[1]

### June 27, 1919.

### No. 21,353.

**Master and servant — place of work chosen by servant.**
    1. The rule that a servant who voluntarily selects a place for the performance of his work other than that provided by the master, and

[1]Reported in 173 N. W. 421.

is injured from defects in the place so selected, is not entitled to recover for such injuries, followed and applied.

**Same — negligence of fellow servants — evidence.**

2. Evidence *held* insufficient to justify a verdict of negligence in the failure of fellow servants to go to the rescue of plaintiff when in a position of peril.

**Evidence.**

3. In determining what fact the testimony of a particular witness establishes or tends to establish, his whole evidence as brought out on direct and cross-examination should be considered.

Action in the district court for Ramsey county to recover $16,000 for injuries received while employed in defendant's repair shops. The answer alleged that plaintiff had full knowledge and information of all the risks and dangers connected with the work of unloading and rolling car wheel tires and assumed the risks and dangers, and specifically denied that plaintiff was engaged in work connected with the movement of interstate commerce within the provisions of the Federal Employer's Liability Act. The case was tried before Dickson, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*McNamara & Waters,* for appellant.

*M. L. Countryman* and *A. L. Janes,* for respondent.

BROWN, C. J.

Action for personal injuries, in which at the conclusion of the trial a verdict was directed for defendant and plaintiff appealed from an order denying a new trial.

Plaintiff was in the employ of defendant in its shop yards in the city of St. Paul, and at the time of his injury was assisting other employees in unloading and rolling to a place of storage large heavy iron tires, such as are used on engine and other car wheels. The tires were of different sizes and weight ranging from 36 to 42 inches in diameter and from 400 to 700 pounds in weight. They were being removed from the car in which they were brought to the yards, and thence under the guidance of plaintiff rolled to the place of storage. One of the tires so

being rolled by plaintiff got beyond his control and toppled over, falling upon and injuring his foot and ankle. The injury so received is that for which he seeks to recover in this action.

The facts are fully stated in the complaint and of the several acts of negligence therein charged only two were urged upon the attention of this court, namely: (1) That defendant failed to provide plaintiff with a safe place in which to do his work; and (2) that there was negligence in the failure of his fellow servants to come to his rescue and assistance when they were advised that he was in a position of peril by reason of his inability to handle the particular tire.

The only question presented is whether there was evidence to take either of those issues to the jury. We are of opinion that it should be answered in the negative.

There is no substantial dispute as to the material facts. Plaintiff had been in the employ of defendant in and about the yards in which the work in question was under way for about five years. Although for a time immediately previous to the accident he had been engaged exclusively in car repair work, the greater part of his term of service covered and included work of the kind here involved, and he was fully informed of the character thereof and of all the difficulties and dangers incident to its performance. The unloading and storing took place in the shop yards, and the storage grounds were in the immediate locality where the tires were being taken from the car in which they were shipped. A solid and substantial roadway had been constructed by the company along or near to the storage grounds, which prior to the day in question was used in rolling the tires to storage quarters. It provided a suitable and safe way over which to perform that work and plaintiff in his previous work had so used it. It was not used at the time in question. When the tires came from the car on this occasion he attempted to guide them to destination over a route selected by himself, near the roadway, but which, if plaintiff's present claim be true, was not a safe or suitable place for the work; in fact his whole case rests upon the contention that the route so selected was covered with concealed holes in the ground, one of which caused the accident resulting in his injury.

The trial court held that there was no evidence that defendant pro-

vided the particular place for this work, that plaintiff selected it of his own motion, thus abandoning the way prepared by defendant and theretofore used for the purpose, therefore that no failure on the part of defendant to provide plaintiff with a safe place, negligent or otherwise, was shown. The evidence of plaintiff taken as a whole fully supports that conclusion. The contention that the prepared way could not be used at the time is not borne out by the evidence. Had the case been sent to the jury on that theory and a verdict returned to 'that effect, it would find no support in the evidence and could not stand. The case therefore comes within the rule that where a master has furnished a reasonably safe place in which to perform the work of the servant his full duty is performed, and he is not liable for injuries occurring to a servant at a place other than that so prepared, which the servant voluntarily selects for the purpose and which turns out as unsuitable, defective and unsafe. The law is well settled upon that question. 2 Dunnell, Minn. Dig. § 5877.

The evidence requires no further discussion, though it may be remarked that, in determining what fact the testimony of a particular witness establishes or tends to establish, his whole evidence as brought out both on the direct and cross-examination must be considered. So considering the evidence given by plaintiff the facts as stated clearly appear and lead only to the conclusion stated.

2. The second question, namely, whether plaintiff's fellow servants were negligent in failing to come to his assistance does not require extended discussion. It is without substantial merit. The evidence is wholly insufficient to justify the conclusion that the fellow servants of plaintiff were aware that he was in danger of injury, or that they ought to have known thereof. The toppling over of one of the tires when being rolled to its place was not an uncommon occurrence. And although the other workmen knew that the particular tire had fallen over, it would be a severe strain to hold that they knew or appreciated any danger of injury to plaintiff therefrom; at any rate they were some distance away and in no position to render assistance in time to avoid the injury. They were not therefore neglectful of any duty the law imposed upon defendant through them.

Order affirmed.